LAUTREC CORPORATION, INC.

      Plaintiff,

v.                                      Civil Action No. _____

Diamond Review, Inc. and
John Doe,

      Defendant.

## COMPLAINT

The plaintiff, LAUTREC CORPORATION, by its attorneys, Boyle Fredrickson, S.C., for its complaint against the defendants, pleads as follows:

### NATURE OF THE CASE

1. In this action, Plaintiff seeks injunctive relief and damages under the laws of the United States and the State of Wisconsin for acts of trademark disparagement, unfair competition, defamation, and false advertising engaged in by Defendants.

2. Defendants have harmed Plaintiff's business in the way of its trade by falsely asserting that the public is being deceived about the quality and origin of Plaintiff's products. These statements are simply false.

### JURISDICTION AND VENUE

3. This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. §§1051 *et seq.* (the "Lanham Act"), and the common law of the State of Wisconsin. This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1332 and 1338 and 15 U.S.C.

1

§1121. This action is between Plaintiff, a corporation with its principal place of business in Wisconsin, and Defendant John Doe, an individual who resides in a foreign state and Defendant Diamond Review, a foreign corporation. This Court has supplemental jurisdiction over the State law claim pursuant to 28 U.S.C. §1367.

4. Venue of this action is properly laid in the Eastern District of Wisconsin pursuant to 28 U.S.C. §1391(b) and (c) because Defendant conducts business in this District.

5. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

PARTIES

6. Plaintiff, Lautrec Corporation, is a Wyoming corporation, with its Diamond Nexus Labs division having a principal place of business located at 50550 West Ashland Way, Franklin, Wisconsin 53132.

7. Defendant Diamond Review, Inc. is, on information and belief, a Delaware corporation with a business address of P.O. Box 609, Los Altos, CA 94023 ("Diamond Review").

8. Defendant, John Doe, is one or more unknown individuals or organizations of unknown residence. John Doe is identified only as "m987" on the web forum located at www.diamond.info/forum .

9. Defendants, individually and through Diamond Review at www.diamond.info and www.diamondreview.com, conduct business in the Eastern District of Wisconsin

2

and have committed acts in this district affecting Plaintiff, a resident of this District.

FACTS

10. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 9 of the Complaint as set forth here in their entirety.

11. Plaintiff is a designer, producer, marketer, and seller of fine jewelry products including but not limited to products incorporating diamond simulants.

12. Plaintiff has discovered that Defendant John Doe has willfully, maliciously, and without justification or privilege, published and/or caused to be published to other persons in the gemstone community, including but not limited to Plaintiff's customers and potential customers, false and defamatory statements concerning products sold by Plaintiff. Such statements are defamatory *per se*.

13. Defendant Diamond Review, through the website at www.diamondreview.com and/or www.diamond.info/forum/, has allowed Defendant John Doe's defamatory statements to continue to be available to the general public, despite the nature of the statements being brought to Defendant Diamond Review's attention, in violation of Defendant Diamond Review's Terms of Service and Forum Rules.

14. Defendant John Doe has falsely asserted that Plaintiff does not sell a diamond stimulant and "puts forth pages and pages of gobbledygook science" on Plaintiff's own website.

15. Defendant John Doe falsely asserts that "DNL is an extremely deceptive company that has engaged in a very elaborate confidence game to fool people into believing their CZ's are some new gemstone if not a synthetic diamond. Everything from

3

their science pages to their advertising campaigns to the phony diamond certs are full of lies and junk science. I have posted all of this information and backed up everything I have said with solid proof. Even though I am the one who posts here the most often, there have been dozens and dozens of posters who have criticized their underhanded dishonest tactics, from gemologists to the average consumer who was conned by them."

16. Defendant has falsely asserted that Diamond Nexus Labs products are ordinary cubic zirconia and not diamond simulant products made from a variety of materials.

17. Defendant John Doe's statements and claims are done without regard for the truth with the intention of harming Defendant and his company.

18. Plaintiffs' diamond simulant product had contained and continues to contain additional and differentiating elements from common cubic zirconium. The gemstone is then coated with a proprietary substance that alters the optical and physical properties of the gemstone to make it a closer match to a natural diamond's properties. Common cubic zirconium has no coating.

19. Plaintiff's diamond simulant product, is a near optical and physical match to natural mined diamond, it looks nearly identical and wears very similarly, but the chemistry is different, it is not pure carbon.

20. Plaintiff's diamond simulants have been accepted for rating and grading by AIG, American International Gemologists.

4

21. Defendant John Doe, through Diamond Review's "forum", continues to denigrate and damage Plaintiff's trademarks and products through his false allegations of quality.

22. Defendant Diamond Review, in violation of its own published policies and contract with its users and viewers, continues to maintain the defamatory comments of John Doe and others despite full knowledge of their defamatory nature.

## COUNT I:
### Federal Unfair Competition

23. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 23 of the Complaint as set forth here in their entirety.

24. This claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

25. Plaintiff owns all the right, title and interest in and to, and holds the exclusive right to market and sell diamond simulants bearing Diamond Nexus trademarks in the United States.

26. Plaintiff has expended considerable sums of money in promoting the Diamond Nexus trademarks in connection with its gemstones. As a result of such authorized activities, both the trade and the public at large have come to identify the Diamond Nexus trademarks with Plaintiff, and Plaintiff's Diamond Nexus trademarks, and its associated gemstones, jewelry, and distinctive creative elements have developed a secondary meaning associating them with Plaintiff and with its products.

27. Defendant John Doe has used false and misleading representations of fact in commercial advertising or promotion that misrepresents the nature,

5

characteristics, and qualities of Plaintiff's goods, with full knowledge of the falsity of such misrepresentations, all to the detriment of Plaintiff.

28. Defendant John Doe's conduct has damaged Plaintiff in its business, and is likely to continue to damage Plaintiff and its business.

29. Defendant John Doe's acts are calculated and intended to deceive and are likely to deceive consumers into believing that Plaintiff is selling goods under false pretenses, or are "frauds" in the gemstone community, when in fact, Plaintiff is not.

30. Defendant John Doe's continued acts, upon information and belief, will damage and dilute the goodwill and reputation of Plaintiff, further impair the value of Plaintiff's trademarks, and dilute the sales of Plaintiff's products.

31. Plaintiff has suffered and continues to suffer serious, irreparable harm and injury as a result of the aforesaid unlawful acts of Defendant John Doe, and Plaintiff is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted, Plaintiff will be required to pursue a multiplicity of actions.

32. Plaintiff has sustained damage as a result of Defendant John Doe's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered and will suffer by reason of the acts of unfair competition, but upon information and belief, such damages exceed $100,000.

33. Defendant John Doe has obtained gains, profits, notoriety, and other advantages as a result of his acts of unfair competition as alleged. Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered and will

6

suffer by reason of the acts of unfair competition, but upon information and belief, such gains, profits, and advantages exceed $100,000.

## COUNT II:
## Defamation Under Wisconsin Common Law

34. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 36 of the Complaint as set forth here in their entirety.

35. Defendant John Doe has made defamatory statements of fact on the internet, through his website, concerning Plaintiff's products, which Plaintiff sells and distributes in Wisconsin.

36. Defendant John Doe's statements are defamatory *per se* because, by attacking the integrity of Plaintiff's products and falsely asserting that Plaintiff's products are cubic zirconia, Defendant John Doe disparages Plaintiff in the way of its trade.

37. By impugning the authenticity of Plaintiff's own claims regarding its products, Defendant John Doe has attempted to undermine the profitability of Plaintiff's business in Wisconsin and throughout the United States. Defendant John Doe's statements have clearly disparaged Plaintiff in the way of its trade.

## COUNT III:
## Defamation, §942, Wis. Stats.

38. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 38 of the Complaint as set forth here in their entirety.

39. Defendant John Doe's statements, as alleged herein, were in fact false and made for the sole purpose of maliciously denigrating Plaintiff's business.

40. Plaintiff has made a demand that Defendant John Doe retract its false and defamatory statements but he has failed to do so.

7

41. As a direct and proximate result of Defendant John Doe's wrongful conduct, Plaintiff has suffered and will continue to suffer damages to its business.

42. Defendant John Doe's conduct as alleged was intentional, despicable, malicious, and oppressive and in conscious disregard of Plaintiff's rights, justifying an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant John Doe.

COUNT IV:
Breach of Contract

43. Defendant Diamond Review includes "Terms of Service" on its web site that is written as a contract. For example, they begin as follows, "Diamond Review, Inc. (hereinafter referred to as "Diamond.info", "we", or "us") provides its web site service to you subject to the Terms of Service outlined in this document, which may be updated by Diamond.info from time to time without notice to you. By accessing this service, you acknowledge that you have read and understood these Terms of Service, and agree to abide by them. You can review the most current version of this document by visiting http://www.Diamond.info and clicking on the link labeled 'Terms of Service'."

44. Defendant Diamond Review's Terms of Service include the following provision: Your Information and any items listed as well as your activities on the Site shall not: (1) violate any law, statute, ordinance or regulation (including, but not limited to, those governing export control, consumer protection, unfair competition, antidiscrimination or false advertising); (2) be fraudulent, false, misleading, or inaccurate; . . . (4) infringe upon any third party's copyright, patent, trademark, trade secret or other proprietary rights or rights of publicity or privacy;

8

(5) be defamatory, trade libelous, unlawfully threatening or unlawfully harassing; . . . . Diamond.info will immediately terminate, without any warning, the account of any customer who conducts these activities." Despite being apprised of activities in violation of the Terms of Service by Plaintiff, Defendant Diamond Review has refused to abide those terms in breach of its contractual obligations.

45. Plaintiff has suffered and continues to suffer serious, irreparable harm and injury as a result of the aforesaid unlawful acts of Defendant Diamond Review, and Plaintiff is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted, Plaintiff will be required to pursue a multiplicity of actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. On Claims I-III, permanently enjoining and restraining Defendant John Doe, and all those in active concert and participation with him from:

    a. Making any false statements or representations whatsoever concerning Plaintiff, its products, or the diamond simulant industry, including but not limited to alleging that Diamond Nexus Lab products are fraudulent or merely cubic zirconia;

    b. Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of Plaintiff's trademarks, or of Plaintiff's rights in, or rights to use or to exploit its trademarks, or constituting any dilution of Plaintiff's names, reputation, or goodwill;

9

c. Engaging in any acts or activities directly or indirectly calculated to trade upon or injure the reputation or the goodwill of Plaintiff or in any manner to compete unfairly with Plaintiff; and

d. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs 1(a) through (c) above.

2. Directing that Defendant John Doe issue a retraction through the same channels of communication that he made his false statements. The circulation of the retraction must be to the same extent as the circulation of the defamation.

3. Directing that an accounting of and judgment be rendered against Defendant John Doe for all profits received by Defendant John Doe and all damages sustained by Plaintiff on account of Defendant John Doe's unfair competition; and furthermore that such profits and damages are trebled, as provided by 15 U.S.C. §1117.

4. On Claim IV, ordering and permanently enjoining and restraining Defendant Diamond Review, and all those in active concert and participation with it from maintaining the defamatory statements of Defendant John Doe and those of others on the Diamond Review web site, making any false statements or representations whatsoever concerning Plaintiff, its products, or the diamond simulant industry, including but not limited to alleging that Diamond Nexus Lab products are fraudulent or merely cubic zirconia.

5. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or services

10

manufactured, distributed, offered for sale or sold by Plaintiff are in any way cubic zirconia or fraudulent in any way.

6. Awarding Plaintiff its costs in this action, including reasonable attorneys' fees and investigative fees, as provided by 15 U.S.C. §1117.

7. Directing that the Court retains jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

8. Awarding to Plaintiff any such other and further relief as the Court may deem just and proper.

Dated this 3rd day of December, 2009.

Respectfully submitted,

Boyle Fredrickson, S.C.

Adam L. Brookman
Erin K. Fay
Boyle Fredrickson, S.C.
840 North Plankinton Avenue
Milwaukee, WI 53203
Telephone:    414-225-9755
Facsimile:   414-225-9753
E-mail: abrookman@boylefred.com
E-mail: efay@boylefred.com
*Attorneys for Plaintiff*

11